**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **MICHAEL SCOTT LOVELY,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**STATE OF WASHINGTON and THE MUNICIPALITY OF BAINBRIDGE ISLAND,**<br><br>**Defendants.** | **REPORT AND RECOMMENDATION**<br><br>**Case No. 2:07-cv-00317-TS-PMW**<br><br>**District Judge Ted Stewart**<br><br>**Magistrate Judge Paul M. Warner** |

This case was referred to Magistrate Judge Paul M. Warner by District Judge Ted Stewart pursuant to 28 U.S.C. § 636(b)(1)(B).[1] As a preliminary matter, the court notes that Michael Scott Lovely ("Plaintiff") is proceeding pro se in this case. Accordingly, the court will construe his pleadings liberally. *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

## BACKGROUND

On May 14, 2007, Plaintiff, a resident of Canada, filed his complaint against the State of Washington and the City of Bainbridge Island, a municipality located within the State of Washington (collectively, "Defendants").[2] Plaintiff alleges that several no-contact orders were

---

[1] This case was previously assigned to former District Judge Paul G. Cassell, *see* docket no. 1, who entered the original order referring this case to Magistrate Judge Warner pursuant to 28 U.S.C. § 636(b)(1)(B). *See* docket no. 4. On November 14, 2007, this case was reassigned to Judge Stewart, *see* docket no. 24, who affirmed that order of reference. *See* docket no. 25.

[2] *See* docket no. 1.

issued wrongfully against him under Defendants' authority and that those orders are responsible for certain injuries and damages. Plaintiff also alleges that he "cannot receive a free, fair, full, and impartial hearing in this matter in any court in the [S]tate of Washington–state, local, or federal."[3] In the portion of his complaint devoted to jurisdiction, Plaintiff asserts that jurisdiction is based on diversity of citizenship because "the opposing parties are of different states."[4] As to his request for relief, Plaintiff asserts that he is entitled to "restitution" from Defendants in the amount of $200 million.[5]

On September 26, 2007, in response to Plaintiff's complaint, Defendants filed a motion to dismiss.[6] On October 12, 2007, rather than filing a memorandum in opposition to that motion, Plaintiff filed a document entitled, "Objection / Counter-motion and Request For Hearing."[7] In that document, Plaintiff did not present any substantive argument. Instead, Plaintiff requested a hearing on Defendants' motion and indicated that he would present his substantive argument at that hearing. On October 17, 2007, Defendants filed a reply memorandum, correctly noting that Plaintiff's October 12 filing was deficient because it failed to provide any substantive argument.[8]

---

[3] *Id*. at 2.

[4] *Id*.

[5] *Id*. at 18 (emphasis omitted).

[6] *See* docket no. 15.

[7] Docket no. 17.

[8] *See* docket no. 19.

Because Plaintiff was proceeding pro se in this case, this court issued an order on October 30, 2007, to clarify the proper procedure for briefing Defendant's motion.[9] In that order, this court quoted the language of civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, *see* DUCivR 7-1(f), and notified Plaintiff that, pursuant to that rule, the decision about whether oral argument would be held on Defendants' motion would be made by the court after reviewing the parties' written memoranda. Because Plaintiff's October 12 filing did not contain any substantive argument on the issues raised in Defendants' motion, this court noted that it was unable to determine whether oral argument on that motion would be helpful or necessary. Based on Plaintiff's status as a pro se litigant, this court determined that Plaintiff should be allowed the opportunity to file a memorandum of points and authorities in opposition to Defendants' motion to dismiss and provided Plaintiff with thirty (30) days to do so. In addition, this court allowed Defendants the opportunity to file a new reply memorandum within ten (10) days of the filing date of Plaintiff's opposition memorandum. As a final matter, this court acknowledged that it had been lenient with Plaintiff, despite the general rule that a litigant's pro se status does not excuse him from complying with the same rules of procedure that govern other litigants. *See, e.g.*, *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that pro se parties 'follow the same rules of procedure that govern other litigants.'" (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)). Accordingly,

---

[9] *See* docket no. 20.

this court notified Plaintiff that, from that point forward, he would be held to comply with those rules.

On November 8, 2007, Plaintiff filed a document entitled, "First Memoranda [sic] In Support Of Objection /[ ]Countermotion [sic] Filed 10/12/07."[10] While Plaintiff did set forth his arguments in opposition to Defendants' motion to dismiss in that document, he also stated that he would be filing a second memorandum in opposition to Defendants' motion. Plaintiff neither obtained court permission to file a second memorandum nor indicated when that second memorandum would be filed. Instead, Plaintiff simply stated that a second memorandum was "forthcoming" and "may follow."[11] On November 15, 2007, Defendants filed their new reply memorandum.[12]

On November 28, 2007, Plaintiff filed a motion for appointment of counsel[13] and a "Memorandum In Support Of Request For Hearing Filed 10/12/07."[14] That same day, Plaintiff filed a notice indicating that he would be filing his second memorandum in opposition to Defendants' motion to dismiss "upon completion in a few days."[15] On December 14, 2007, however, Plaintiff filed another notice indicating that his second opposition memorandum was

---

[10] Docket no. 21.

[11] *Id*. at 10.

[12] *See* docket no. 26.

[13] *See* docket no. 28.

[14] Docket no. 29.

[15] Docket no. 30 (emphasis omitted).

not yet complete but would be filed by January 15, 2008.[16] On January 22, 2008, Plaintiff filed a document entitled, "Plaintiff's First Notice of Authority (Constitutional Authority) for 'First Memoranda' [sic] Filed 11/8/07 In Support Of 'Objection[ ]/ Countermotion' [sic] Filed 10/12/07."[17]

## ANALYSIS

Before the court is Defendants' motion to dismiss.[18] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to rule 7-1(f), the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

In their motion, Defendants argue that this case should be dismissed for improper venue, lack of personal jurisdiction, and lack of subject matter jurisdiction. As an alternative to their request for dismissal for improper venue, Defendants request that this case be transferred to the United States District Court for the Western District of Washington. Because the court has determined that the issue of venue is dispositive of Defendants' motion, it will address only that issue.

Venue in federal district court is governed by 28 U.S.C. § 1391. Regardless of the basis for jurisdiction, the two main possibilities for proper venue in a civil suit are (1) "a judicial

---

[16] *See* docket no. 35.

[17] Docket no. 37.

[18] *See* docket no. 15.

district where any defendant resides, if all defendants reside in the same State," or (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(a)(1)–(2), (b)(1)–(2). While two remaining possibilities exist, they are applicable only "if there is no district in which the action may otherwise be brought." *Id.* § 1391(a)(3), (b)(3).

In accordance with those possibilities, Defendants argue that venue is improper in the District of Utah. Defendants correctly assert that neither of them is located or resides in Utah and that none of the events underlying Plaintiff's claims occurred in Utah. Accordingly, Defendants request that the court dismiss this case for improper venue or, alternatively, transfer this case to the Western District of Washington. *See id.* § 1406(a).

In response to those arguments, Plaintiff asserts that venue is proper in the District of Utah because "Salt Lake City is relatively[,] reasonably[,] and equally accessible to all parties" and because "[t]he [c]ourt in Salt Lake City also has a historical jurisdiction over the Western Region."[19] Plaintiff further asserts that venue is proper in the District of Utah based on his allegations that he cannot receive "a free, fair, full, and impartial hearing" in Washington.[20] In addition to objecting to dismissal of his case, Plaintiff also objects to Defendants' alternative request to transfer this case to the Western District of Washington. Plaintiff asserts that if the

---

[19] Docket no. 21 at 4.

[20] *Id.*

court wishes to transfer his case, he will "accept[] the [S]tate of California in lieu of the [S]tate of Utah to hear [his] case."[21]

The court agrees with Defendants and concludes that venue is improper in the District of Utah. As noted by Defendants, neither of them is located or resides in Utah and none of the events underlying Plaintiff's claims in this case occurred in Utah. *See id*. § 1391(a)(1)–(2), (b)(1)–(2). Accordingly, the court must now determine whether this case should be dismissed or transferred. *See id*. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). "[T]he question of whether to dismiss or transfer an action filed in an improper venue is within the district court's sound discretion." *Ballesteros v. Ashcroft*, 452 F.3d 1153, 1160 (10th Cir. 2006) (quotations and citations omitted).

Based on the circumstances of this case, the court has determined that transfer, rather than dismissal, is appropriate. Although several of Defendants' arguments in support of dismissal are persuasive, the court is not convinced that all of those arguments would be equally persuasive if this case had been brought in the proper venue. Further, it appears that the Western District of Washington is the proper venue for this case. Indeed, Defendants are both located in Washington, and the events underlying Plaintiff's claims in this case occurred in Washington. *See* 28 U.S.C. § 1391(a)(1)–(2), (b)(1)–(2).

---

[21] *Id*. at 5.

The court is cognizant of Plaintiff's assertion that he is unable to receive "a free, fair, full, and impartial hearing" in Washington, as well as his assertion that he will "accept[] the [S]tate of California in lieu of the [S]tate of Utah to hear [his] case."[22] Both assertions, however, are irrelevant to the court's decisions related to venue and transfer. Plaintiff's unsupported claim that he is unable to receive a fair hearing in Washington does not make the District of Utah a proper venue for this case. *See id*. Further, as far as proper venue is concerned for this case, any district in California is no different from the District of Utah. *See id*.

**CONCLUSION**

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Defendants' motion to dismiss[23] be **DENIED** and that this case be transferred to the United States District Court for the Western District of Washington. *See id*. §§ 128(b), 1391(a)–(b), 1406(a). In light of that recommendation, the court has determined that it is unnecessary to reach the jurisdictional arguments advanced in Defendants' motion to dismiss. Accordingly, and assuming that this case is transferred as recommended above, **IT IS FURTHER RECOMMENDED** that Defendants be allowed to raise those jurisdictional arguments again after this case is transferred to the United States District Court for the Western District of Washington.

---

[22] *Id*.

[23] *See* docket no. 15.

* * * * *

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See id.* § 636(b)(1)(C). The parties must file any objection to this Report and Recommendation within ten (10) days after receiving it. *See id.* Failure to object may constitute waiver of objections upon subsequent review.

DATED this 6th day of June, 2008.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge